ANTHONY MOSCA, PLAINTIFF-APPELLEE, v. ATLANTIC AND SUBURBAN RAILWAY COMPANY, DEFENDANT-APPELLANT.

Decided November 23, 1923.

Negligence—Motor Vehicle Collision with Trolley Car—Question of Contributory Negligence of Motor Vehicle Driver Against Statutory Signal by the Use of the Hand—Necessity of Driver of Trolley Car to Use Due Care, Notwithstanding Maximum Speed Limit Allowed—Right of Driver of Motor Vehicle to Emerge from Behind Another Car—Provision of Act of 1915, Relating to the Right of Way of Street Cars.

On appeal from the Atlantic City District Court.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Bourgeois & Coulomb*.

For the appellee, *Babcock & Champion*.

PER CURIAM.

This appeal from a judgment of the Atlantic City District Court, given on a verdict of a jury in favor of the plaintiff below and against the defendant below, is based wholly upon refusals of the trial judge to charge certain requests presented on behalf of the defendant below.

The plaintiff was driving his automobile in an easterly direction along the shore road upon which was located the street railway track of the Atlantic and Suburban Railway Company. Another automobile was preceding the plaintiff's car. This automobile, which was ahead of the plaintiff's car, stopped. The plaintiff then turned to the left and was in the act of passing the automobile which had stopped when the rear of his car was struck by a trolley car of the defendant company which was proceeding in a westerly or opposite direction from which the plaintiff was driving his car. The plaintiff had seen the trolley car approaching when it was

some five hundred feet away and considered he had time to pass the standing automobile. In attempting to do so he stalled his car. There was testimony that the motorman, who had the automobile in view, did not make any attempt to put on the emergency brake of his car until he was fifteen feet from the place where the automobile was stalled, with the result that because of the great speed of the trolley car it could not be stopped within the distance of fifteen feet, and the plaintiff's automobile was hit. A jury would have been warranted in finding from the proven facts and circumstances that the motorman had the situation of the automobile in his view before he reached the spot when he used the emergency brake. The testimony on part of the defendant was in direct conflict with the plaintiff's story. Of course, the facts and inferences to be drawn from them were for the jury to determine.

The defendant's counsel requested the court to charge this request: "If the plaintiff attempted to change his course of travel so as to bring him upon the tracks of the defendant company, without giving the statutory signal by hand or other device that he intended to do so, he is guilty of contributory negligence."

This request is without legal support. It makes the failure to give the statutory signal by hand or other device a contributory negligent act on the part of the plaintiff, irrespective of the fact whether or not such failure to give such signal proximately contributed to the plaintiff's injury.

Counsel of defendant further requested the court to charge: "If the plaintiff came upon the tracks of the defendant company so closely in front of the car that it was impossible to stop the same, it having been operated within the statutory speed, he is guilty of negligence."

A reference to the charge makes it quite clear that the learned judge charged fully and accurately on the subject. It is well to point out here that the proposed request is not accurate as a legal proposition, and was harmful in its tendency to the defendant, and of which refusal to charge as requested the defendant is not in a position to complain.

For it is quite manifest that it can make no difference whether a trolley car be operated within the statutory speed limit or beyond it a person may not voluntarily go upon the track so closely in front of it as to practically invite injury. Besides the mere fact that the car was operated at a speed within the statutory limit will not absolve the operator of the car from a charge of negligence if the condition of the highway was such that the maintenance of the speed limit was dangerous to the safety of the traveling public.

The next request which the court refused to charge was as follows: "That the motorman operating defendant's car is not chargeable with notice that the driver of an automobile will suddenly emerge from behind another automobile traveling in the same direction, and attempt either to cross the tracks or operate his automobile upon them, and said motorman cannot be chargeable with negligence because he was not able to stop his car in time to avoid a collision with an automobile thus operated."

This request was properly refused. It is argumentative and unsound as a legal proposition. It assumes that the motorman was unable to stop his car and avoid a collision with an automobile suddenly emerging from behind another automobile, and because the motorman was running the trolley car at the statutory speed at the time he could not be charged with negligence, even though the speed at which the car was being operated under the conditions which then existed was dangerous to traffic and to pedestrians, and the failure of the motorman to stop his car in time to avoid a collision was due to the speed at which he was operating the vehicle.

Moreover, a trial judge is not obliged, though specially requested to do so, to apply a legal principle, which it clearly states to the jury, to conditions of facts postulated by the defendant's counsel, particularly where such conditions do not include all the circumstances which should influence the conclusion of the jury. *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554.

Lastly, the request to charge, "the street car had the right of way in the track at the point of accident," was also properly refused. This request was too broad and general. The Traffic act of 1915 on this subject says that street cars shall have the right of way between cross-roads and cross-streets over all other vehicles, and the driver or persons in control of any vehicle proceeding on the track in front of any street car shall immediately turn out on signal from the motorman or person in control of the street car."

This applies only to a situation in which a trolley car is approaching an automobile from the rear. The plaintiff had the right to use the portion of the street upon which the street railway track was laid. Both parties had equal rights in the street as charged by the court. While a vehicle is not permitted to obstruct a trolley car in its progress, yet the portion of the law requested to be charged did not relieve the defendant from its duty to exercise reasonable care to avoid accidents. The plaintiff was not operating his car at the time in the manner contemplated by the request so that the act was not applicable to the facts of the case.

Judgment is affirmed, with costs.